UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2005 JUN 20 P 12: 09

Theron Johnny Maxton, # 140384,  )   C/A No. 9:05-1664-DCN-GCK
                                 )
               Petitioner,       )
                                 )
v.                               )
                                 )   ORDER
Bristow Marchant, United States Magistrate  )
Judge, in his personal capacity, )
                                 )
               Respondent.       )
                                 )

This is a mandamus-type civil action brought by a state prisoner.[1] The Clerk of Court may file the pleadings as of the date they are received for docketing.[2] The Clerk of Court shall docket the initial pleading as a petition for writ of mandamus. When docketing this case, the Office of the Clerk of Court should enter as parties the persons whose names appear in the caption of this order.

---

[1] The Office of the Clerk of Court has recently implemented a new system for listing case numbers. Under this new system, the two alphabetical suffixes at the end of the civil action number reflect the United States District Judge assignment and United States Magistrate Judge assignment.

[2] The "date received for docketing" means the date that the pleadings are received at the case manager's or docket clerk's work station, and, hence, does *not* mean the date that the pleadings were sent to the Clerk for assignment or the date the pleadings were placed in the transmittal bags for delivery to a divisional office. In the event that a limitations issue arises in the above-captioned cases, the petitioner will have the benefit of the holding in Houston v. Lack, 487 U.S. 266, 101 L.Ed.2d 245, 108 S.Ct. 2379, 1988 U.S. LEXIS® 2875 (1988)(prison mailbox rule). The Houston v. Lack "delivery" date of the pleadings is June 3, 2005. The prison mailroom stamp on the envelope used to mail the pleadings (June 18, 2005) is obviously incorrect because the pleadings were received by the Clerk's Office in Columbia on June 8, 2005.

1

The above-captioned case has been referred to the undersigned magistrate judge because Magistrate Judge Marchant has been named as a respondent. Pilla v. American Bar Ass'n, 542 F.2d 56, 58 (8th Cir. 1976)("It is axiomatic that no man should sit in judgment of his own case.").

The above-captioned case is subject to summary dismissal under the Prison Litigation Reform Act, which includes 28 U.S.C. § 1915A. The petitioner is also "struck out" under the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). Since the above-captioned case is subject to summary dismissal, it is not necessary for this federal court to consider any issues relating to payment of the filing fee in installments. See Misc. No. 4:96-MC38-2 (D.S.C., June 20, 1996). The Clerk of Court shall terminate the petitioner's motion to proceed in forma pauperis (Document No. 2) as **moot** because the Form AO 240 (or its equivalent) is not used in non-habeas civil actions filed by prisoners in the District of South Carolina. Moreover, recent case law indicates that mandamus actions are, indeed, "non-habeas" civil actions. Williams v. Ingham County Circuit Court, 2005 WESTLAW® 1308244 [no LEXIS® citation available] (W.D.Mich., May 31, 2005)(mandamus action is subject to PLRA and "[t]he current fee for a civil action is $250.00").

The petitioner is a pro se litigant. His attention is directed to the following important notice:

### TO THE PETITIONER:

You are ordered to always keep the Clerk of Court advised **in writing (Post Office Box 835, Charleston, South Carolina 29402)**[3] if your address changes

---

[3]The petitioner should send any correspondence related to the above-captioned case to the Clerk's Office in Charleston because the above-captioned case will be managed by
(continued...)

2

for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to file something you are required to file within a deadline set by a District Judge or a Magistrate Judge, **your case may be dismissed for violating this order.** Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address **and providing the Clerk of Court with the docket numbers of all pending cases you have filed with this court.** Your failure to do so will not be excused by the court.

Put this order with your own record of this case so that you will not overlook your duty. If an attorney serves you by mail on behalf of a defendant or a respondent, you also have a duty to notify that attorney if your address is to be changed for mail purposes.

The petitioner is, hereby, informed that if his address changes in the future, he must provide *his* prison or jail address (or his new address if he is released from jail or prison). Hence, the Office of the Clerk of Court shall not enter any change of address submitted by the petitioner which directs that mail be sent to a person other than the petitioner (unless, of course, that person is an attorney admitted to practice before this court who has entered a formal appearance).

---

(...continued)
the Clerk's Office in Charleston, not the Clerk's Office in Columbia.

(Standard change of address order, which is issued in all *pro se* cases in the District of South Carolina).[4]  For the petitioner's future reference, if the petitioner wants copies (of items that he files with the Office of the Clerk of Court) returned to him, he (the petitioner) must provide the copies and a self-addressed envelope with sufficient postage attached to the envelope.  **In all future filings with this court, the petitioner is directed to write or type text on one side of a sheet of paper only and not to write or type on both sides of any sheet of paper.**[5]  The petitioner is further instructed not to write to the edge of the paper, but to maintain one inch margins on the top, bottom and sides of each paper submitted.

      IT IS SO ORDERED.

June __, 2005
Charleston, South Carolina

George C. Kosko
United States Magistrate Judge

---

[4] The first two paragraphs of the standard change of address order were adopted by the United States District Judges of this court in the autumn of 1992.  The language in those two paragraphs takes into account two unpublished opinions of the Court of Appeals concerning change of address orders issued by district courts: Brandon v. Marsh, 942 F.2d 48, 1991 U.S.App. LEXIS® 19776, 1991 WESTLAW® 164880 (4th Cir., August 26, 1991); and Snyder v. Hopkins, 888 F.2d 1387, 1989 U.S.App. LEXIS® 16051, 1989 WESTLAW® 126742, 15 Fed.R.Serv. (Callaghan) 238 (4th Cir., October 20, 1989).

[5] Pursuant to Section 205 of the E-Government Act of 2002, Pub. L. 107-347, December 17, 2002, 111 Stat. 2899, this court has implemented Case Management-Electronic Case Filing (CM-ECF).  For this purpose, *pro se* filings are scanned to create electronic docket records.  Therefore, the use of only one side of a sheet of paper is required.

4